**2017 UT App 123**

## THE UTAH COURT OF APPEALS

MICHAEL BURR,
Appellant,
*v.*
KOOSHAREM IRRIGATION COMPANY, LADON TORGERSEN,
AND CLAYTON BAGLEY,
Appellees.

Opinion
No. 20160324-CA
Filed July 28, 2017

Sixth District Court, Richfield Department
The Honorable Wallace A. Lee
No. 140600023

Lloyd D. Rickenbach, Attorney for Appellant

Edwin C. Barnes, Steven E. Clyde, and Timothy R.
Pack, Attorneys for Appellee Koosharem
Irrigation Company

Marcus Taylor, Attorney for Appellee
LaDon Torgersen

David A. Van Dyke, Attorney for Appellee
Clayton Bagley

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES J. FREDERIC VOROS JR. and DAVID N. MORTENSEN
concurred.

CHRISTIANSEN, Judge:

¶1     Appellant Michael Burr appeals from the district court's
denial of his motion to intervene as of right. We reverse the
denial and remand the case for further proceedings.

BACKGROUND

¶2      Burr is a shareholder of Koosharem Irrigation Company (Koosharem), a mutual water company organized under the Utah Revised Nonprofit Corporation Act (the Act).

¶3      In March 2014, plaintiff Greg Torgerson filed a complaint against Koosharem, and plaintiffs Chad Torgerson and Bret Kouns joined the case in August 2014.[1] All three plaintiffs were shareholders of Koosharem. In early 2015, the plaintiffs filed an amended complaint, which included a shareholder derivative action against Koosharem and two of its individual directors— LaDon Torgersen and Clayton Bagley (the Directors). The plaintiffs alleged that Koosharem's Board of Directors, and the Directors specifically, had "breached their fiduciary duties to [Koosharem] by, among other things, engaging in self-dealing, failing to act with due care, . . . and failing to act in good faith with total loyalty and impartiality."

¶4      The plaintiffs also sought declaratory relief in the form of "a judgment and Order from [the district court] ordering the removal of [the Directors] from the Board of Directors" and ordering that they be "prohibited from holding office [within the company] or voting for at least three calendar years." The plaintiffs alleged that the Directors had "rigged" the "elections for the two director positions that were voted on at the March 2013 annual shareholder meeting." Under the Act,

> [t]he applicable court may remove a director in a proceeding commenced either by the nonprofit corporation or by voting members holding *at least 10%* of the votes entitled to be cast in the election of the director's successor if the court finds that: (i) the director engaged in: (A) fraudulent or

---

1. The plaintiffs are not parties to this appeal.

> dishonest conduct; or (B) gross abuse of authority
> or discretion with respect to the nonprofit
> corporation[.]

Utah Code Ann. § 16-6a-809(1)(a) (LexisNexis 2013) (emphasis added). The three plaintiffs owned a combined 11.9% of the outstanding Koosharem shares.

¶5   On June 12, 2015, plaintiff Bret Kouns passed away. The remaining two plaintiffs—Greg Torgerson and Chad Torgerson—only owned a combined 5.3% of the outstanding Koosharem shares.[2]

¶6   In September 2015, upon Koosharem's motion, the district court dismissed the plaintiffs' derivative claim after a court-appointed committee conducted an investigation and determined that "the derivative action is not in the best interest of [Koosharem] . . . and the majority of shareholders." *See* Utah Code Ann. § 16-6a-612(4)(a), (b) (LexisNexis 2013) (providing that a derivative proceeding shall be dismissed "if a person or group specified in Subsection 4(b) . . . determines in good faith, after conducting a reasonable inquiry upon which the person's or group's conclusions are based, that the maintenance of the derivative proceeding is not in the best interest of the nonprofit corporation"). The next month, Koosharem and Kouns's estate filed a joint motion to dismiss Kouns as a plaintiff pursuant to rules 25(a)(1) and 41(a)(2) of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 25(a)(1); *id.* R. 41(a)(2). Koosharem also filed a separate motion to dismiss the plaintiffs' only remaining cause of action—the director-removal action. Koosharem observed that section 16-6a-809 of the Act required "the shareholder [to] hold

---

2. There is some discrepancy in the record regarding whether the two remaining plaintiffs owned 5.3% or 5.4% of the outstanding Koosharem shares, possibly due to rounding. However, that discrepancy is immaterial for purposes of this appeal.

at least 10% of the outstanding shares of the corporation" and that given Kouns's death, "Plaintiffs no longer hold 10% of the outstanding shares of Koosharem and cannot satisfy the statutory requirement. In fact, Plaintiffs only hold 5.3% of the shares."

¶7 On November 25, 2015, Burr moved to intervene as of right under rule 24(a) of the Utah Rules of Civil Procedure. In his memorandum in support of his motion, Burr stated that his Koosharem shares, in combination with Greg Torgerson's and Chad Torgerson's shares, would amount to more than 10% of the total Koosharem shares, thus "sav[ing] this litigation by providing Plaintiff more than 10% [of the] shares."

¶8 After a hearing, the district court granted the joint motion to dismiss Kouns as a plaintiff. The court also granted Koosharem's motion to dismiss the plaintiffs' director-removal action, concluding that "[w]ith [Kouns's] passing, the surviving plaintiffs own only 5.4% of the outstanding Koosharem shares," which was "not enough to bring a cause of action under Utah Code Ann. § 16-6a-809(1)(a)." The court denied Burr's motion to intervene, concluding that Burr had failed to explain "why, after nearly two years of conscious inaction, his Motion is timely, nor does he explain why Plaintiffs will not adequately represent his interest in this case." Burr appeals from the denial of his motion to intervene.

## ISSUE AND STANDARDS OF REVIEW

¶9 Burr contends that the district court erroneously denied his motion to intervene. A district court's "ruling on a motion to intervene encompasses several types of analysis, each subject to a different standard of review." *Supernova Media, Inc. v. Pia Anderson Dorius Reynard & Moss, LLC*, 2013 UT 7, ¶ 14, 297 P.3d 599. "As a general matter, the factual findings underpinning an intervention ruling are subject to a clearly erroneous standard, and the district court's interpretation of rule 24(a) is reviewed for

correctness." *Id.* (citation omitted). We review the district court's timeliness determination for abuse of discretion. *Id.* ¶ 15. We review the district court's determination of whether the intervenor has "'claim[ed] an interest relating to the property or transaction which is the subject of the action'" for correctness. *Id.* ¶ 16 (alteration in original) (quoting Utah R. Civ. P. 24(a)). And "[t]he district court's determinations of whether 'the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect [the claimed] interest' and whether that interest is 'adequately represented by existing parties,' are entitled to deferential review." *Id.* ¶ 17 (second and third alterations in original) (quoting Utah R. Civ. P. 24(a)). "Finally, we review with some deference the district court's ultimate decision to grant or deny a motion to intervene." *Id.* ¶ 18.

## ANALYSIS

¶10 Rule 24(a) of the Utah Rules of Civil Procedure provides,

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Utah R. Civ. P. 24(a). Thus, a party seeking to intervene as a matter of right must demonstrate

> (1) that its motion to intervene was timely, (2) that it has "an interest relating to the property or

transaction which is the subject of the action," (3) "that the disposition of the action may as a practical matter impair or impede [its] ability to protect that interest," and (4) that its interest is not "adequately represented by existing parties."

*Supernova Media*, 2013 UT 7, ¶ 22 (alteration in original) (quoting Utah R. Civ. P. 24(a)).

A.    Timeliness

¶11    Pursuant to rule 24(a), a motion to intervene must be "timely." Utah R. Civ. P. 24(a). "Timeliness is determined under the facts and circumstances of each particular case, and in the sound discretion of the court." *Supernova Media*, 2013 UT 7, ¶ 23 (brackets, omission, citation, and internal quotation marks omitted). "Generally, a motion to intervene is timely if it is filed before the final settlement of all issues by all parties, and before entry of judgment or dismissal." *Id.* ¶ 24 (citation and internal quotation marks omitted).

¶12    Here, the district court determined that Burr had failed to adequately explain "why, after nearly two years of conscious inaction, his Motion is timely." Accordingly, the court found that Burr's motion was untimely. We disagree.

¶13    The record indicates that Burr filed his motion to intervene approximately one month after Koosharem and Kouns's estate moved to dismiss Kouns as a plaintiff and after Koosharem moved to dismiss the plaintiffs' director-removal action. Koosharem and Kouns's estate filed their motions on October 21, 2015, and Burr filed his motion to intervene on November 25, 2015. And, as Burr correctly observes, he filed his motion to intervene (1) before "the final settlement of all issues by the parties," (2) "before entry of judgment or dismissal," and (3) before a trial date was set. *See Supernova Media*, 2013 UT 7, ¶ 24.

¶14 In determining that Burr failed to explain why his motion was timely "after nearly two years of conscious inaction," the district court apparently either overlooked or disregarded the rationale behind Burr's motion to intervene. After Kouns died, the remaining two plaintiffs did not possess the requisite shares to move forward with the director-removal action. *See* Utah Code Ann. § 16-6a-809(1)(a) (LexisNexis 2013). Consequently, if Burr was not allowed to intervene as a plaintiff, the case would necessarily be dismissed—as it ultimately was—for failure to meet the 10% statutory requirement. *See id.* Although the district court faulted Burr for not having been involved in the case earlier, the record demonstrates that Burr simply had no need to seek intervention earlier than he did, as the original three plaintiffs possessed the requisite 10% of Koosharem shares and seemingly would have been able to adequately represent Burr's interest without his participation in the litigation. On the other hand, Burr apparently kept himself abreast of the status of the litigation so that he might attempt to intervene if the circumstances materially changed.

¶15 In light of the particular facts and circumstances of this case, we conclude that the district court abused its discretion when it determined that Burr's motion to intervene was not timely. *See Supernova Media*, 2013 UT 7, ¶¶ 15, 23.

B.     Interest Relating to the Subject of the Action

¶16 Pursuant to rule 24(a), an intervenor must "*claim*[] an interest relating to the property or transaction which is the subject of the action." Utah R. Civ. P. 24(a) (emphasis added). Rule 24(a) "does not require intervenors to 'prove' such an interest." *Supernova Media*, 2013 UT 7, ¶ 32. "Furthermore, an intervenor need not claim an interest *in* the subject of the litigation but only an interest *relating to* the subject of the litigation, such that the interest may be impacted by the judgment." *Id.* (citation and internal quotation marks omitted).

¶17    Although the district court did not explicitly address this factor, the court's conclusion that Burr had not explained "why Plaintiffs will not adequately represent his interest in this case" includes an implicit determination that Burr had an interest relating to the subject of the litigation. And in any event, we conclude that Burr, as a shareholder (and thus part owner) of Koosharem, had an interest relating to the subject of the litigation, i.e., the legitimacy of the 2013 election of the Directors.

C.    Practical Impairment

¶18    "Rule 24(a) requires an intervenor to show that it 'is so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect [its] interest." *Supernova Media*, 2013 UT 7, ¶ 38 (alterations in original) (quoting Utah R. Civ. P. 24(a)). Here, the district court did not address this requirement because it had already concluded that Burr's motion to intervene was untimely and that Burr had failed to explain why the existing plaintiffs could not adequately represent his interest.

¶19    On appeal, Burr contends that his "rights with respect to any claim regarding the 2013 Election . . . will be impaired if he is not allowed to intervene and the case moves forward and its dismissal due to Plaintiff's lacking 10% shares becomes final." Koosharem, on the other hand, contends that "[t]he disposition of this action will not impair [Burr's] interests." According to Koosharem, the allegation that the 2013 election was conducted improperly "is now moot" because "the terms of [the Directors] expired and Koosharem conducted a new election of directors in March of 2015 which Plaintiffs have not objected to."

¶20    Given the apparent dispute regarding the nature of the litigation, we think it necessary to remand for factual findings on this issue. *See Uhrhahn Constr. & Design, Inc. v. Hopkins*, 2008 UT App 41, ¶ 29, 179 P.3d 808 ("Generally, when a trial court fails to make factual findings on a material issue, such failure constitutes reversible error, and we remand to the trial court to

enter the necessary findings unless we determine that such error is harmless, i.e., the undisputed evidence clearly establishes the missing findings or the missing findings may reasonably be implied."). It is unclear from the record whether the Directors are still on the board after the 2015 election, and, as previously discussed, one of the remedies the plaintiffs sought was to have the Directors "prohibited from holding office [within the company] or voting for at least three calendar years." There is simply not enough information in the record for this court to determine whether this case is moot or whether Burr "is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect [his] interest." *See* Utah R. Civ. P. 24(a). The district court is better suited to make that determination after further development of the record on remand.

D.      Adequate Representation by Existing Parties

¶21     Lastly, rule 24(a) requires intervenors to show that their interests are not "adequately represented by existing parties." Utah R. Civ. P. 24(a). "Adequacy of representation generally turns on whether there is an identity or divergence of interest between the potential intervenor and an original party and on whether that interest is diligently represented." *Supernova Media*, 2013 UT 7, ¶ 48 (citation and internal quotation marks omitted). Moreover, intervenors have a burden to present "some evidence of diverging or adverse interests." *Id.* ¶ 49 (citation and internal quotation marks omitted). "Such evidence can show, for example, [that] the representative party has an interest adverse to the applicant, has colluded with the opposing party, or is otherwise unable to diligently represent the applicant's interest." *Id.* (alteration in original) (citation and internal quotation marks omitted).

¶22     Here, the district court determined that Burr had failed to explain "why Plaintiffs will not adequately represent his interest in this case." The court also observed that the assertion that the

plaintiffs would not adequately represent Burr's interest was "particularly puzzling, as Michael Burr and Plaintiff Greg Torgerson are represented by the same attorney."

¶23   Burr concedes that his interests were adequately represented while Kouns was still alive. According to Burr, that representation went from adequate to inadequate when Kouns died, because the remaining two plaintiffs owned less than 10% of the outstanding Koosharem shares. Burr asserts that these circumstances "satisfied the prong of a 'minimal showing' of inadequate representation by existing parties." We agree.

¶24   Although Burr's interest is presumably identical to that of the other two plaintiffs, we conclude that the plaintiffs' representation is not adequate under the circumstances of this case. Specifically, while Kouns was alive, the plaintiffs' combined Koosharem shares amounted to 11.9% of the total outstanding shares. At that point, Burr's interests were adequately represented by the plaintiffs. After Kouns died, however, the remaining two plaintiffs' shares amounted to only 5.3% of the outstanding Koosharem shares—less than the requisite 10% for a director-removal action. *See* Utah Code Ann. § 16-6a-809(1)(a) (LexisNexis 2013). Thus, without Burr's intervention, the plaintiffs' director-removal action simply could not proceed. Consequently, the plaintiffs were unable to diligently represent Burr's interest, *see Supernova Media*, 2013 UT 7, ¶ 49, and we therefore conclude that the district court inappropriately determined that the existing plaintiffs were adequate to represent Burr's interest and thus should not have denied Burr's motion to intervene on that basis.

## CONCLUSION

¶25   We reverse the order of the district court and remand the case for further proceedings.

―――――